## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## AT LEXINGTON

| | |
|---|---|
| **SOK NGEAP YI,** | **CIVIL ACTION NO. 5:20-117-KKC-MAS** |
| **Plaintiff,** | |
| **V.** | **OPINION AND ORDER** |
| **GLA COLLECTION CO., INC. and TRANS UNION, LLC,** | |
| **Defendants.** | |

*** *** ***

This matter is before the Court on a joint stipulation of dismissal, in which Plaintiff Sok Ngeap Yi and Defendant Trans Union, LLC request that Plaintiff's claims against this defendant be dismissed. (DE 20.)

The parties do not specify under what procedural device they bring this "stipulation of dismissal." However, the Sixth Circuit has instructed parties to utilize Federal Rule of Civil Procedure 21 when seeking to dismiss fewer than all claims or parties; the rule provides that, "on motion or on its own motion, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against any party." *Letherer v. Alger Grp., LLC*, 328 F.3d 262, 267 (6th Cir. 2003). District courts in this circuit have consistently applied this precedent. *See Malik v. F-19 Holdings*, LLC, No. 5:15-cv-130, 2016 WL 2939150, at *4 (E.D. Ky. May 19, 2016) ("It is true that Rule 41 provides that a plaintiff may dismiss only an action – not certain claims – by filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment… In *Philip Carey* [*Mfg. Co. v. Taylor*, 286 F.2d 782 (6th Cir. 1961)], the Sixth Circuit indicated that Rule 21 is the proper rule for the

1

dismissal of a particular defendant."); *Miller v. Experian Info. Solutions, Inc*., No. 3:13-cv-90, 2014 U.S. Dist. LEXIS 85054, at *2 (S.D. Ohio June 23, 2014) (recommending that a stipulated dismissal under Rule 41(a)(1)(A) be construed as a motion under Rule 21 because "[t]he Sixth Circuit has held [in *Philip Carey*] that Rule 21 is the proper vehicle for the dismissal of individual parties from the action, and Rule 41, conversely, is appropriate only for dismissal of the entire action"); *CNX Gas Co., LLC v. Miller Energy Resources, Inc*., No. 3:11-cv-362, 2014 WL 11638566, at *2 (E.D. Tenn. Jan. 8, 2014) (stating that Rule 41(a)(2) is not the correct procedural vehicle to dismiss one of multiple parties from an action). The rationale behind such a requirement is straightforward: dropping less than the entirety of the action risks prejudicing other parties in the suit. *EQT Gathering, LLC v. A Tract of Prop.*, No. 12-58, 2012 WL 3644968, at *3 (E.D. Ky. Aug. 24, 2010) (citing *Lester v. Wow Car Co., Ltd*., No. 2:11-CV-850, 2012 WL 1758019, at *2 n. 2 (S.D. Ohio May 16, 2012) ("In certain situations, a Rule 41 dismissal of an individual defendant has the effect of depriving the defendant of a full and fair opportunity to challenge the dismissal that would have been provided under Rule 21.").

The Court will construe the joint stipulation of dismissal to a joint motion to dismiss pursuant to Rule 21 to provide the relief requested. The Court finds that there is no risk of prejudice to any party here.

Accordingly, the Court hereby ORDERS that:

1) The joint motion to dismiss (DE 20) is GRANTED;

2) Plaintiff's claims against Defendant Trans Union, LLC are DISMISSED with prejudice; and

3) the Clerk shall TERMINATE Trans Union, LLC as a defendant in this case.

Dated August 18, 2020.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY